UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40565
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-appellee,

                         versus

TERRY BELLINI BARLOW,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(1:95-CR-166-1)
_____
December 13, 1996
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     This appeal concerns the district court's application of
U.S.S.G. § 2K2.1(b)(5), which provides for a four-level increase in
offense level if the defendant used or possessed a firearm in
connection with another felony offense.  Terry Barlow pleaded
guilty to stealing firearms, which were previously shipped in
interstate commerce, from a licensed firearms dealer in violation

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

of 18 U.S.C. § 922(u). These firearms were acquired as a result of conduct which would constitute the felony offense of burglary in violation of Tex. Penal Code Ann. § 30.02(a)(1), (3). Barlow contends that the burglary he committed is not "another offense" within the meaning of § 2K2.1(b)(5). Rejecting this contention, we affirm.

Barlow stipulated to the following facts at his guilty plea proceeding. Barlow and three cohorts broke into Phillip's Pawnshop in Jasper, Texas, and stole several firearms. Thereafter, they drove to Houston and sold some of the guns. Upon returning to Jasper, all four men were arrested, and four of the stolen firearms were recovered in the vehicle.

Pursuant to a plea agreement, Barlow pleaded guilty to violating 18 U.S.C. § 922(u), which provides that:

> It shall be unlawful for a person to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce.

Barlow also was charged in state court with burglary of Phillip's Pawnshop.[1] Under Texas law, "[a] person commits [burglary] if, without the effective consent of the owner, he: (1) enters a habitation, or a building . . . not then open to the public, with intent to commit a felony or theft; or . . . enters a building or

---

[1] According to the presentence report, the local district attorney's office would dismiss the burglary charge upon sentencing in the federal case.

habitation and commits or attempts to commit a felony or theft." Tex. Penal Code Ann. § 30.02(a)(1), (3).

Barlow's offense level was increased four levels pursuant to U.S.S.G. § 2K2.1(b)(5) because he possessed firearms "in connection with <u>another felony offense</u>." (emphasis added).[2] The commentary to § 2K2.1(b)(5) defines "felony offense" as "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." § 2K2.1(b)(5) comment. (n.7).

Barlow argues that the theft of the firearms in violation of federal law and the state burglary are essentially the same offense, and thus, the burglary cannot be deemed "another" felony offense under § 2K2.1(b)(5). We disagree. Here, Barlow committed the state offense of burglary by entering the building, which was not then open to the public, with the intent to commit a felony or theft. Tex. Penal Code Ann. § 30.03(a)(1). At that point, Barlow had completed the state offense of burglary. Barlow then stole firearms from the premises of a licensed firearms dealer in violation of 18 U.S.C. § 922(u). It was not necessary to the offense of conviction for Barlow to enter the building at a time

_____

[2] Section 2K2.1(b)(5) provides that:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by **4** levels. If the resulting offense level is less than level **18**, increase to level **18**.

3

not open to the public. Likewise, it was not necessary to the completion of the burglary offense for Barlow to actually steal and possess the firearms. Nonetheless, he did so. In doing so, he possessed a firearm in connection with the burglary offense.[3] The burglary clearly was not the same offense as the offense of conviction. See United States v. Kuban, 94 F.3d 971 (5th Cir. 1996) (explaining that increase in base offense level pursuant to § 2K2.1(b)(5) for possession of firearm in connection with state felony offense of aggravated assault did not result in improper double punishment of defendant's conviction for felon in possession of a firearm).

Barlow also argues that § 2K2.1(b)(5), comment. (n.18) "specifically urges the District Court to give this increase only when there is a separate offense in which the defendant utilizes the firearms." Barlow is mistaken. In pertinent part, the commentary provides that "another felony offense" and "another offense" refer to offenses other than firearms possession or

---

[3] Barlow does not contend that the firearms were not possessed "in connection with" the state burglary offense within § 2K2.1(b)(5). In any event, such contention would likely be rejected. See United States v. Guerrero, 5 F.3d 868 (5th Cir. 1993), cert. denied, 510 U.S. 1134, 114 S.Ct. 1111 (1994) (interpreting U.S.S.G. § 4B1.4(b)(3)(A), this Court held that the defendant possessed firearms "in connection with" a burglary even though the guns were fruits of the burglary) (plain error case); United States v. Condren, 18 F.3d 1190 (5th Cir.), cert. denied, 115 S.Ct. 161 (1994) (explaining that phrase "in connection with" in § 2K2.1(b)(5) should be given its ordinary and natural meaning, we concluded that a firearm found in drawer of desk in which drugs were found was possessed "in connection with" the other offense of possession of drugs).

4

trafficking offenses. In the instant case, however, the other felony offense is burglary, not possessing or trafficking in firearms.

Accordingly, we hold that the district court did not err in increasing Barlow's offense level for his possession of firearms in connection with another felony offense, burglary. The district court properly applied § 2K2.1(b)(5).

AFFIRMED.